**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID DASIN,

    Plaintiff,

v.                                                    Case No. 09-13317

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                           /

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT**

On May 24, 2011, Defendant filed a motion for entry of judgment in this social security case. Plaintiff has not responded to Defendant's motion for judgment, and the time for responding has lapsed. *See* E.D. Mich. LR 7.1(e). The motion will be granted.

This case was filed by Plaintiff on August 21, 2009, to appeal an adverse administrative decision by Defendant, pursuant to 42 U.S.C. § 405(g). The parties stipulated to, and the court ordered, a remand of the matter to Defendant under the sixth sentence of that subsection on December 3, 2009. Defendant's pending motion avers that on October 19, 2010, an administrative law judge issued a decision fully favorable to Plaintiff, and because Plaintiff has not filed exceptions to that finding, Defendant urges the court to affirm the decision and enter judgment accordingly.

As Defendant correctly observes, the district court must enter a final judgment after the administrative proceedings on a sentence-six remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-02 (1991) (construing § 405(g)); *Faucher v. Sec'y of Heath*

*and Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994).  Therefore, in the absence of any objection, the court will grant the motion.[1]  Accordingly,

IT IS ORDERED that Defendant's motion for judgment [Dkt. # 9] is GRANTED. Judgment will follow separately.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 16, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

---

[1] It appears that a judgment was erroneously filed on the docket in December 2009.  In a sentence-six remand, as opposed to a sentence-four remand, a judgment is not entered at the time of remand.  *Faucher*, 17 F.3d at 175 (citing *Melkonyan*, 501 U.S. at 99-101.)

S:\Cleland\JUDGE'S DESK\C2 ORDERS\09-13317.DASIN.GrantMotionJudgment.jmp.wpd